**Marjorie Graciela VEGA–DE FISHER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73465.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

Earl Carter, Law Offices of Earl Carter and Associates, Riverside, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Robbin K. Blaya, Esq., Efthimia S. Pilitsis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Marjorie Graciela Vega–De Fisher, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Gormley v. Ash-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*croft,* 364 F.3d 1172, 1176 (9th Cir.2004), and we must uphold the decision unless the evidence compels a contrary result, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Vega-de Fisher does not have an objectively reasonable fear of persecution based on family relationships because her father-in-law and husband have traveled to Nicaragua on a number of occasions without incident. *See Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000).

Because Vega-de Fisher failed to meet the requirements for asylum, she necessarily failed to meet the more stringent evidentiary standard required for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Vega-de Fisher failed to challenge the denial of CAT protection, and therefore the issue is deemed waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1260 (9th Cir.1996).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Vega-de Fisher's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the